IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Southern Holdings, Inc.; James Spencer; Rodney Keith Lail; Irene Santacroce; Ricky Stephens; Marguerite Stephens; Doris Holt; and Nicholas C. Williamson, | ) ) ) ) ) | Civil Action No.: 4:02-1859-RBH |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| Horry County, South Carolina; Horry County Sheriff's Department; Horry County Police Department; James Albert Allen, Jr., Individually and in his official capacity as an officer with the Horry County Sheriff's Department; Sidney Rick Thompson, Individually and in his official capacity as an officer with the Horry County Sheriff's Department; Jeffrey S. Caldwell, Individually and in his official capacity as an officer with the Horry County Sheriff's Department; Charles McClendon, Individually and in his official capacity as an officer with the Horry County Police Department; Jay Brantley, Individually and in his official capacity as an officer with the Horry County Police Department; Andy Christensen, Individually and in his official capacity as an officer with the Horry County Police Department; Michael Steven Hartness; Harold Steven Hartness; Ancil B. Garvin, III; David Smith; and John Does, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **O R D E R** |
| Defendants. | ) ) | |

      Pending before the court is Plaintiffs' motion to compel the production of documents by a non-party, which was filed on May 6, 2005. Specifically, the plaintiffs file this motion to compel the production of telephone records from CT Communications. The plaintiffs state that they have served

CT Communications with subpoenas requesting telephone records for Linda Williamson on several occasions. The plaintiffs also state that on October 21, 2004, January 3, 2005, and April 11, 2005, CT Communications provided a response refusing to provide the requested documentation without a court order.

The court takes note that under Local Rule 37.01 (D.S.C.) motions to compel discovery must be filed within twenty (20) days after the receipt of the discovery response to which the motion to compel is directed. CT Communications first responded on October 21, 2004, refusing to provide the requested documentation without a court order, however, this motion was not filed until May 6, 2005. Although Local Rule 37.01 is aimed at sanctions imposed on parties and as mentioned CT Communications is a non-party, the court finds that the above mentioned rule is analogous to the plaintiffs' duty to promptly file a motion to compel. After considering such, the court finds that this motion is untimely.

Additionally, under Local Rule 7.03 (D.S.C.) attorneys are expected to file motions immediately after the issues raised thereby are ripe for adjudication. The court finds that the issues presented in this motion to compel were ripe for adjudication on October 21, 2004, when CT Communications first refused to produce the requested documents. Yet, this motion was filed over six (6) months later.

For the reasons stated above, the plaintiffs' motion to compel (Doc. # 135) is **DENIED**.

**AND IT IS SO ORDERED.**

                                            s/ R. Bryan Harwell
                                            R. Bryan Harwell
                                            United States District Judge

Florence, South Carolina
July 18, 2005.