IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Southern Holdings, Inc.; James Spencer; Rodney Keith Lail; Irene Santacroce; Ricky Stephens; Marguerite Stephens; and Doris Holt;<br><br>Plaintiffs,<br><br>v.<br><br>Horry County, South Carolina; Horry County Sheriff's Department; Horry County Police Department; James Albert Allen, Jr., Individually and in his official capacity as an officer with the Horry County Sheriff's Department; Sidney Rick Thompson, Individually and in his official capacity as an officer with the Horry County Sheriff's Department; Jeffrey S. Caldwell, Individually and in his official capacity as an officer with the Horry County Sheriff's Department; Charles McClendon, Individually and in his official capacity as an officer with the Horry County Police Department; Jay Brantley, Individually and in his official capacity as an officer with the Horry County Police Department; Andy Christensen, Individually and in his official capacity as an officer with the Horry County Police Department; Michael Steven Hartness; Harold Steven Hartness; Ancil B. Gavin, III; David Smith; and John Does,<br><br>Defendants. | Civil Action No.: 4:02-1859-RBH<br><br><br><br><br><br><br>**ORDER** |

Pending before the court is Plaintiffs' Motion for Reconsideration of the Court's Summary Judgment Order only with regard to the municipal liability of Horry County. [Docket Entry ## 212 and 222]. Also pending before the Court is the Defendants' oral motion

to dismiss the Plaintiffs' state tort claims against the individual sheriff's deputies based on the immunity of the individual sheriff's deputies to the Plaintiffs' state tort claims under the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10, *et seq*. The Court requested supplemental briefing on both issues from the parties.

As a matter of clarification, this Court has previously held that the Horry County Police Department and Horry County Sheriff's Department are separate, unrelated agencies. The Horry County Police Department is an arm or agency of Horry County. The Horry County Sheriff's Department is not an agency of Horry County and is not controlled by Horry County. Allegations of actions committed by Horry County Sheriff's Deputies may not be attributable to Horry County and are not relevant to the issue of municipal liability of Horry County under § 1983. On the other hand, allegations of actions committed by Horry County Police Officers may be attributable to Horry County and are relevant to the issue of municipal liability of Horry County under § 1983. Also, as discussed more fully below, the Eleventh Amendment bars suits in Federal Court against a South Carolina Sheriff in his official capacity and a South Carolina Sheriff's Department, but not against individual sheriff's deputies sued under § 1983 in their "individual" capacity.

## Relevant Procedural History

On August 17, 2004, the Horry County Defendants[1] filed a Motion for Summary Judgment arguing, among other things, that Horry County was entitled to summary judgment

---

[1] The Horry County Defendants' Motion for Summary Judgment was filed on behalf of: Horry County, South Carolina; Horry County Sheriff's Department; Horry County Police Department; and individual sheriff's deputies and police officers in their individual and official capacities.

2

on the issue of municipal liability under § 1983. Plaintiffs filed a response to the Horry County Defendants' motion on September 9, 2004. On July 14, 2005, the Court issued an Order granting summary judgment in favor of the Horry County Defendants on the issue of municipal liability under § 1983.

Following a stay while this case was on appeal to the Fourth Circuit Court of Appeals on the issue of qualified immunity under § 1983, the Plaintiffs filed the pending Motion for Reconsideration of the Court's Summary Judgment Order.

A hearing was held on this Motion on February 9, 2007. At the hearing, the Court took under advisement the issue of municipal liability of the Defendant Horry County/ Horry County Police Department (hereinafter referred to as "Horry County") and denied all other issues raised in the Plaintiffs' Motion that were not orally withdrawn at the hearing. Also at the hearing, the Defendants raised the issue of the immunity of the individual sheriff's deputies to the Plaintiffs' state tort claims under the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10, *et seq.* Therefore, this Order is limited to the issues of municipal liability as to Horry County and employee immunity for state tort claims under the South Carolina Tort Claims Act. Furthermore, only allegations against the Horry County Police Department and its officers are relevant to the determination of Horry County's municipal liability under § 1983.

On February 13, 2007, the parties submitted supplemental briefs limited to the issue of Horry County's municipal liability under § 1983. On February 14, 2007, the Defendants submitted a supplemental brief regarding the immunity of the individual sheriff's deputies regarding state tort causes of action under the South Carolina Tort Claims Act. The Plaintiffs filed a response on February 19, 2007.

Municipal Liability of Horry County

In its original motion for summary judgment, Horry County argued that the Plaintiffs had failed to put forth any evidence of a causal connection between the alleged constitutional violations and any policy in Horry County regarding inadequacy of training or supervising officers or deputies. Horry County also argued that there was no evidence in the record suggesting that Horry County had any knowledge of any unconstitutional custom or practice on the part of anyone within the police or sheriff's department. Finally, Horry County argued that there has never been a need to adopt any type of policy with regard to communications of the dismissal of arrest warrants.

In their original response to Horry County's Motion for Summary Judgment, Plaintiffs contended that Horry County had in place a policy and procedure for verifying out-of-state warrants, but that it was never followed. Plaintiffs also argued that Horry County did not have in place any policies and procedures concerning the dissemination of information to officers when a warrant was dismissed, quashed, or recalled. Plaintiffs further argued that the failure to have such a policy amounts to conscious indifference as to the rights of people who have had warrants against them dismissed and can only lead to constitutional violations.

In granting summary judgment in favor of Horry County on the issue of municipal liability, the Court addressed the allegations regarding municipal liability that the Plaintiffs raised in their original response to Horry County's Motion for Summary Judgment. *See* Order, at pg. 19-21 [Docket Entry #163]. First, the Court addressed the allegation that Horry County had in place a policy and procedure for verifying out-of-state warrants, but that this policy was never followed. Second, the Court addressed the allegation that Horry County did not have in

4

place any policies and procedures concerning the dissemination of information to officers when a warrant is dismissed. The Court granted summary judgment on the issue of municipal liability on two grounds: 1) Plaintiffs' allegations regarding the failure to enforce a policy for verifying out-of-state warrants and the failure to create a policy concerning the dissemination of information to officers when a warrant is dismissed relate directly to actions of the Sheriff's Department, not the Horry County Police Department.[2] Therefore, because the policies or lack of policies that caused the alleged constitutional violations in this case are those of the **Horry County Sheriff's Department**, the Plaintiffs could not establish the requisite causal connection or affirmative link between the policies or lack of policies of the **Horry County Police Department** and the constitutional violations alleged in this case; and 2) Alternatively, the Plaintiffs have put forth evidence of only a single incident of unconstitutional activity caused by the alleged failure to enforce the policy concerning verification of out-of-state warrants and the alleged failure to create a policy concerning the dissemination of information when a warrant has been dismissed. Evidence of this single incident is insufficient to give rise to municipal liability under § 1983 under the facts of this case consistent with *Monell v. Dep't of*

---

[2] In Plaintiffs' Response to Defendants' Motion for Summary Judgment at pg. 7, [Docket Entry #112], Plaintiffs refer to the policy and procedure in place for verifying out-of-state warrants that was allegedly not followed; however, according to Exhibits A and B attached to Plaintiffs' Response, the policy referred to is an **Horry County Sheriff's Department** policy and **not** an **Horry County Police Department** policy. The Plaintiffs have continued to confuse the fact that the Horry County Police Department and Horry County Sheriff's Department are separate legal entities. For example, Plaintiffs now argue at page 5 in their Supplemental Brief, [Docket Entry #337], that Horry County/ Horry County Police Department had a policy in place for verifying out-of-state warrants that was allegedly not followed. Although the Plaintiffs have identified a specific policy of the Horry County Sheriff's Department, they have failed to identify which particular Horry County Police Department policy was not followed with regard to the verification of out-of-state warrants.

5

*Social Servs.*, 436 U.S. 658 (1978).

In their Motion to Reconsider and additional supplemental brief, Plaintiffs make **new** arguments, which were not made in their original response to the Defendants' Motion for Summary Judgment, that Horry County is subject to municipal liability under 42 U.S.C. § 1983. Specifically, in addition to the arguments Plaintiffs previously made, the Plaintiffs now argue that Horry County is subject to municipal liability under 42 U.S.C. § 1983 because: 1) Officers McLendon and Brantly were not properly trained or supervised as to Horry County Police Department policies regarding the handling of in-car videotapes and videotape evidence; 2) the Horry County Police Department failed to adequately train its officers with regard to the policy requiring police officers to keep their wireless microphones activated; 3) the Horry County Police Department failed to train its officers as to the proper application of handcuffing and failed to implement or enforce the Horry County Police Department policy and procedure concerning the "double-locking" of handcuffs; 4) the Horry County Police Department failed to train, supervise and enforce its policies and procedures for the execution of a search warrant; 5) the Horry County Police Officers and Senior Police Officials refused to take reports that allege circumstances involving violations of Horry County Police Department policies and procedures; and 6) the Horry County Police Department allowed private citizens to participate in the stop, search and seizure on August 6, 2000 and the search of Doris Holt's home on June 7, 2000.

"[R]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 59.30[4] (3d ed.). The Fourth Circuit has held such a

motion should be granted for only three reasons: (1) to follow an intervening change in *controlling* law; (2) on account of new evidence; or (3) "to correct a *clear error of law* or prevent manifest injustice." *Collison v. Int'l Chemical Workers Union*, 34 F.3d 233, 235 (4th Cir. 1994) (emphasis added). Motions for Reconsideration "may not be used to make arguments that could have been made before the judgment was entered." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). Nor are they opportunities to rehash issues already ruled upon because a litigant is displeased with the result. *See Tran v. Tran*, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001).

In this case, with regard to Plaintiffs' new arguments concerning the municipal liability of Horry County, the Plaintiffs are attempting a second bite at the apple by making arguments that could have been made previously. Motions to Reconsider are not to be used to make arguments that could have been made earlier. Therefore, the Court need not even consider Plaintiffs' new arguments for municipal liability.

However, assuming arguendo that Plaintiffs' new arguments for municipal liability are properly before the Court, the Plaintiffs' new arguments or allegations are insufficient to subject Horry County to municipal liability under § 1983.

Municipalities and other local governmental units cannot be sued on a *respondeat superior* theory for the unconstitutional acts of their employees. *Monell*, 436 U.S. at 690-91 (1978). However, local governing bodies, such as counties, municipal corporations, and school boards, are "persons" that can be sued directly under § 1983 for monetary, declaratory, or injunctive relief when alleged unconstitutional action executes governmental policy or custom. *Monell*, 436 U.S. at 690-91. To establish municipal liability, a plaintiff must show that the

municipality's policies caused the constitutional violation. *McMillian v. Monroe County*, 520 U.S. 781, 784 (1997). A municipality or local government is responsible only when execution of its policy or custom, whether made by its lawmakers or by those whose acts may fairly be said to represent official policy, inflicts injury. *See Monell*, 436 U.S. at 694; *Spell v. McDaniel*, 824 F.2d 1380, 1385 (4th Cir. 1987). When a constitutional deprivation is not an official act of a municipality, recovery only lies against an officer in his individual capacity. *Hughes v. Blankenship*, 672 F.2d 403, 405-06 (4th Cir. 1987).

A policy or custom for which a municipality may be held liable can arise in four (4) ways: (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that "manifests deliberate indifference to the rights of citizens;" or (4) through a practice that is so "persistent and widespread" as to constitute a "custom or usage with the force of law." *See id*.

In this case, Plaintiffs attempt to establish a municipal custom or policy based on the omissions of Horry County or the Horry County Police Department. Generally, the omissions Plaintiffs have alleged include failure to train, failure to supervise, failure to enforce existing policies, and failure to create necessary policies. Plaintiffs point to four areas where the Horry County Police Department either failed to train or supervise its officers or failed to enforce a policy. Those areas include the proper handling of in-car videotapes and videotape evidence, the requirement that police officers keep their wireless microphones activated, the proper application of handcuffs, and the proper execution of a search warrant.

"A failure to train can constitute a 'policy or custom' actionable under section 1983

8

only where the 'municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants." *Jordan v. Jackson*, 15 F.3d 333, 341 (4th Cir. 1994). "[O]nly if, 'in light of the duties assigned to specific officers or employees, the need for more or different training is *so obvious*, and *the inadequacy so likely* to result in the violation of constitutional rights,' can a municipality reasonably 'be said to have been deliberately indifferent to that need.'" *Jordan*, 15 F.3d at 341 (emphasis added). The "plaintiff must point to a specific deficiency and not a general ineffectiveness of the training." *Semple v. City of Moundsville*, 195 F.3d 708, 713 (4th Cir. 1999). "The specifically identified deficiency in training also must be shown to have in fact *caused* the ultimate violation." *Jordan*, 15 F.3d at 341 (emphasis added). Furthermore, "neither a policy or custom of deficient training nor the required causal connection can be shown by proof of a single incident of unconstitutional activity alone." *Id*. (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985)). However, the Supreme Court in *City of Canton v. Harris*, 489 U.S. 378 (1989), "did not foreclose the possibility that evidence of a single violation of federal rights, accompanied by a showing that a municipality has failed to train its employees to handle *recurring situations* presenting an *obvious* potential for such a violation, could trigger municipal liability." *Board of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 409 (1997) (emphasis added). "A failure to train can only form a basis for liability if 'it can be shown that policymakers were aware of, and acquiesced in, a pattern of constitutional violations.'" *Lytle v. Doyle*, 326 F.3d 463, 474 (4th Cir. 2003) (citing *City of Canton*, 489 U.S. at 397). Moreover, "[i]n resolving the issue of a city's liability, the focus must be on adequacy of the training program in relation to the tasks the particular officers must perform." *City of Canton*, 489 U.S. at 390. Even if a

particular officer is inadequately trained, that alone will not suffice to fasten liability on the municipality under § 1983 because the officer's shortcomings may have resulted from factors other than a faulty training program. *City of Canton*, 489 U.S. at 390-91.

Plaintiffs argue there is a question of fact as to § 1983 municipal liability. The burden of establishing this question of fact is a higher burden than creating an issue of fact for individual § 1983 liability. The Plaintiffs, in essence, ask this Court to accept that because of the allegations of misconduct in *this case*, that Plaintiffs have sufficiently shown a custom or policy or evidence of widespread abuse. Even viewing the evidence in the light most favorable to the Plaintiffs, as the Court is required to do, the Plaintiffs fail to direct this Court to evidence of *other* conduct, not involved in *this* case, that creates a custom or policy necessary to effect municipal liability under *Monell*. The Plaintiffs have pointed to no evidence that the Horry County Police Department officers received no training or inadequate training regarding the use of in-car videotapes or videotape evidence, wireless microphone procedures, searches and seizures, and the proper execution of a search warrant. The Plaintiffs fail to specifically identify the deficiency in the training received and instead assert that there must be a general ineffectiveness in training and do so simply basing it on what they claimed occurred in *this* case. In essence, the Plaintiffs ask this Court to accept that because of the allegations in *this* case, then that is sufficient. It is not. *Respondeat superior* is not the hurdle the Plaintiffs must overcome. Custom or policy is the hurdle the Plaintiffs must overcome and they bear the burden of presenting the Court with sufficient evidence of such. In sum, Plaintiffs assert that simply because of the conduct alleged in this case, the officers were not trained.

Furthermore, with regard to Plaintiffs' allegations of failure to supervise, a "failure to supervise gives rise to § 1983 liability . . . only in those situations in which there is a history of widespread abuse. Only then may knowledge be imputed to the supervisory personnel." *Wellington v. Daniels*, 717 F.2d 932, 936 (4th Cir. 1983). "A single act or isolated incidents are normally insufficient to establish supervisory inaction upon which to predicate § 1983 liability." *Wellington*, 717 F.2d at 935.

An official policy sufficient to give rise to municipal liability under § 1983 can be inferred from a municipality's omissions as well as from its acts. *Wellington*, 717 F.2d at 935. However, omissions are actionable only if they constitute "tacit authorization" of or "deliberate indifference" to constitutional injuries. *Id*. at 936. Thus, in order to establish a municipal custom or policy based on the omissions of the municipality or policymaker, the plaintiff must show that the particular omission amounted to deliberate indifference to the rights of citizens. *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 727 (4th Cir. 1999). "'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action" or inaction. *Board of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 410 (1997). Although it was addressed in the context of failure to train cases, the Supreme Court in *City of Canton* elaborated upon the proof required to satisfy the "deliberate indifference" standard. *See City of Canton*, 489 U.S. 378 (1989); *see also Board of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 409 (1997). As such, two approaches to establishing deliberate indifference have been interpreted from *City of Canton*. First, a plaintiff may establish deliberate indifference by demonstrating that the omission is in a particular area where there is an obvious need for action to avoid

11

violations of citizens' constitutional rights.  Second, a plaintiff may rely on a pattern of particular unconstitutional conduct so pervasive as to imply actual or constructive knowledge on the part of the policymakers, whose deliberate indifference, evidenced by a failure to correct once the need for training became obvious.

Usually, a plaintiff cannot establish deliberate indifference sufficient to give rise to municipal liability by pointing to a single incident or isolated incidents. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (discussing deliberate indifference standard in context of "supervisory liability" under § 1983).

Aside from the fact that these arguments were not presented in their original summary judgment response, in this case, the Plaintiffs point to only single or isolated incidents of constitutional violations that resulted from the various allegations of failure to train, supervise, enforce certain policies, or create certain policies.  In other words, what allegedly occurred here constituted merely single or isolated incidents which could not constitute deliberate indifference by Horry County or the Horry County Police Department sufficient to give rise to municipal liability under § 1983 as a policy or custom. *See Spell v. McDaniel*, 824 F.2d 1380, 1391 (4th Cir. 1987); *Spratlin v. Montgomery County*, 772 F. Supp. 1545, 1553 (D. Md. 1990).  Thus, municipal liability cannot attach to Horry County for failure to train, supervise, enforce policies, or create policies concerning the proper handling of in-car videotapes and videotape evidence, the requirement that police officers keep their wireless microphones activated, the proper application of handcuffs, and the proper execution of a search warrant because Plaintiffs have pointed to only alleged isolated incidents in the record of these particular alleged constitutional violations.

In addition and with particular regard to the Plaintiffs' allegations concerning the proper handling of in-car videotapes and videotape evidence and the requirement that police officers keep their wireless microphones activated, the Plaintiffs have failed to submit sufficient evidence showing an affirmative link or causal connection between these actions and any alleged constitutional violations. The "first inquiry in any case alleging municipal liability under § 1983 is the question whether there is a direct causal link between a municipal policy or custom and the alleged constitutional violation." *City of Canton*, 489 U.S. at 385. In the instant case, while the Plaintiffs' allegations concerning the isolated incidents of mishandling in-car videotapes and deactivating wireless microphones may arguably be incidental to the alleged constitutional violation, they are not the cause of such. Accordingly, there is no direct causal link between the mishandling of the in-car videotapes and the deactivation of the wireless microphones and the constitutional violations alleged here. While possibly relevant evidence in the § 1983 claims of individual liability, Plaintiffs' allegations do not establish municipal liability.

The Plaintiffs appear to make the argument that all of the alleged omissions of the Horry County Police Department amount to a culture of non-enforcement and condonation of unconstitutional activity. However, "a plaintiff cannot rely upon scattershot accusations of unrelated constitutional violations to prove either that a municipality was indifferent to the risk of her specific injury or that it was the moving force behind her deprivation." *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999). A plaintiff's allegation of municipal liability runs the risk of falling into the "forbidden realm of *respondeat superior"* when the plaintiff "alleges municipal omission - either a policy of deliberate indifference or the condonation of an

unconstitutional custom." *Carter*, 164 F.3d at 218-19. "Unfocused evidence of unrelated constitutional violations is simply not relevant to the question of whether a municipal decisionmaker [sic] caused the violation of the specific federal rights of the plaintiff before the court." *Carter*, 164 F.3d at 218-19.

Even where a "policy" of municipal inaction might be inferred, it must still be shown to have been the "moving force of the constitutional violation." *Milligan v. City of Newport News*, 743 F.2d 227, 230 (4th Cir. 1984). "That is to say that while a municipality's 'policy' of inaction need not be found to have effectively commanded the particular violation, it must be of such a character that municipal employees could reasonably infer from it tacit approval of the conduct in issue." *Milligan*, 743 F.2d at 230. Only then "could the requisite causal connection between policy and constitutional deprivation be found." *Id*. Furthermore, municipal liability cannot be based merely upon a failure to adopt policies that in retrospect could be seen as a means of averting the particular unconstitutional conduct at issue. *Id*.

In conclusion, Plaintiffs' arguments for municipal liability based on the alleged failure to train, supervise, enforce policies or create certain policies fail because the Plaintiffs have not directed the court to sufficient evidence to avoid summary judgment on this issue.

In addition to Plaintiffs' allegations of failure to train, supervise, enforce policies and create policies, the Plaintiffs now advance two other new arguments for municipal liability that were not previously raised by the Plaintiffs. First, Plaintiffs allege that Horry County Police Officers and Senior Police Officials refused to take reports that allege circumstances involving violations of Horry County Police Department policies and procedures. Second, Plaintiffs allege that the Horry County Police Department allowed private citizens to participate in the

stop, search and seizure on August 6, 2000 and the search of Doris Holt's home on June 7, 2000.

With regard to Plaintiffs' allegations that Horry County Police Officers and Senior Police Officials refused to take reports alleging circumstances involving violations of Horry County Police Department policies and procedures, the Plaintiffs have failed to show a causal connection or affirmative link between the refusal to take reports and any constitutional violation in this case. The Plaintiffs argue that the "Horry County Police Department's failure to take reports regarding the conduct of its Police Officers . . . demonstrates the actual practice in effect allows law enforcement personnel to use its police powers without restraint, which resulted in the situation and related damages under litigation in this matter and, therefore, subjects Horry County to Section 1983 liability." Plaintiffs' Supplemental Brief, at pg. 15 [Docket Entry #337]. This argument fails because the Plaintiffs do not point to any evidence of refusals by the Horry County Police Department to take reports *before* the occurrence which gave rise to this lawsuit. If the Plaintiffs could direct the Court to sufficient evidence that the Horry County Police Department refused to take reports *before* the occurrence which gave rise to this lawsuit, only then could the Plaintiffs possibly be able to show a causal connection or affirmative link between the Horry County Police Department's refusal to take reports of police misconduct and the constitutional violations alleged in this case. Accordingly, the Plaintiffs cannot show any causal link between an Horry County Police Department policy of refusing to accept reports of police misconduct and the constitutional injuries alleged in this case. Even viewing the evidence in the light most favorable to the Plaintiff, as the Court is required to do, the Plaintiffs' evidence is insufficient for this Court to infer such a causal connection. It

should be noted that, according to the evidence before the Court, the only individuals whose reports were refused by the Horry County Police Department were involved in this case in some capacity.

As for the allegation that Horry County is subject to municipal liability for allowing private citizens to participate in the stop, search and seizure on August 6, 2000 and the search of Doris Holt's home on June 7, 2000, the Plaintiffs, again, only point to these isolated incidents of allegedly unconstitutional activity. In this case, the Plaintiffs do not put forth any evidence that this was a widespread pattern or practice of the Horry County Police Department. Further, the Plaintiffs do not put forth any evidence that the decision to allow private citizens to participate in the stop and searches in question was decided by a person with any "final policy making authority."

With regard to the arguments for municipal liability that were previously addressed concerning the verification of out-of-state warrants and the dissemination of information after a warrant has been dismissed, reconsideration of the Court's previous Order is not needed to correct a clear error of law or prevent manifest injustice. There has been no new evidence submitted that was not in the Plaintiffs' possession at the time of their original Response to Horry County's Motion for Summary Judgment. Finally, there has been no intervening change in controlling law.

In conclusion and for the reasons stated above, Plaintiffs' Motion to Reconsider the Court's Order granting Summary Judgment to Horry County on the issue of municipal liability is **DENIED**.

Employee Immunity Under the South Carolina Tort Claims Act

The Defendants argue in their supplemental brief that under the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10, *et seq.*, the Horry County sheriff's deputies are immune from individual civil liability for torts committed while acting within the scope of their official duty with the Horry County Sheriff's Department. The Defendants further argue that the Tort Claims Act requires the plaintiff to bring suit against the governmental entity rather than the individual employee for torts committed within the scope of that employee's official duties. *See* S.C. Code Ann. § 15-78-70(c). Accordingly, the Defendants argue, the Horry County Sheriff is the proper party defendant in a suit alleging state law torts committed by sheriff's deputies within the scope of their official duties. In conclusion, the Defendants argue that because the Horry County Sheriff is a state actor and has not waived immunity under the Eleventh Amendment, the Plaintiffs are barred from bringing suit against the Horry County Sheriff in Federal Court for monetary damages. *See Gulledge v. Smart*, 878 F.2d 379 (4th Cir. 1989) (unpublished per curiam opinion); *McCall v. Williams*, 52 F. Supp. 2d 611, 622-23 (D.S.C. 1999) (stating that any claim in Federal Court against a South Carolina sheriff's department or a South Carolina sheriff in his official capacity is barred by the Eleventh Amendment).

The Plaintiffs do not dispute the Defendants' contentions that the proper party defendant for the state tort causes of action against the sheriff's deputies is the Horry County Sheriff. Instead, the Plaintiffs, arguing the factors set forth in *Ram Ditta v. Maryland Nat'l Capital Park and Planning Comm'n*, 822 F.2d 456, 457-58 (4th Cir. 1987), essentially ask the Court to reconsider the finding in its July 14, 2005 Order that the Horry County Sheriff or Sheriff's

17

Department is entitled to immunity from suits in Federal Court under the Eleventh Amendment.

Thus, the standards applicable to Motions to Reconsider are applicable here. First, there has been no intervening change in the controlling law regarding state immunity in Federal Court under the Eleventh Amendment since the Court's July 14, 2005 Order. Second, no new evidence has been submitted which would have an impact on this Court's Eleventh Amendment immunity decision. Finally, the Court's holding that the Horry County Sheriff or Sheriff's Department is immune from suit in Federal Court was not clearly erroneous and will not result in manifest injustice. *See e.g. McCall v. Williams*, 52 F. Supp. 2d 611, 622-23 (D.S.C. 1999) (stating that any claim in Federal Court against a South Carolina sheriff's department or a South Carolina sheriff in his official capacity is barred by the Eleventh Amendment).

In conclusion, the Tort Claims Act mandates the procedure for bringing suits against state employees for torts committed by those employees within the scope of their official duties. Section 15-78-70(a) and (b) of the Tort Claims Act provides that "[a]n employee of a governmental entity who commits a tort while acting within the scope of his official duty is not liable therefor" except "if it is proved that the employee's conduct was not within the scope of his official duties or that it constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude." S.C. Code Ann. § 15-78-70(a)-(b). Section 15-78-70(c) states that "a person, when bringing an action against a governmental entity under the provisions of this chapter, shall name as a party defendant only the agency or political subdivision for which the employee was acting and is not required to name the employee

18

individually..." and "in the event that the employee is individually named, the agency or political subdivision for which the employee was acting must be substituted as the party defendant." S.C. Code Ann. § 15-78-70(c).

In this case, the Plaintiffs have alleged that "[t]he actions of the employees of the Horry County Sheriff's Department as described in this Complaint were performed within the course and scope of their employment with the Horry County Sheriff's Department." Complaint, ¶ 228 [Docket Entry #1]. Accordingly, the Plaintiffs have alleged that "[u]nder the doctrine of *respondeat superior*, the Horry County Sheriff's Department is responsible for the actions of its employees." Complaint, ¶ 229 [Docket Entry #1]. The Plaintiffs have not argued that the sheriff's deputies acted outside the scope of their official duties. The Plaintiffs have also not argued that the sheriff's deputies are not entitled to immunity for their state torts under the Tort Claims Act. Because there has been no allegation or argument that the sheriff's deputies' actions were outside the scope of their official duties with the Horry County Sheriff's Department or that the sheriff's deputies are not entitled to immunity for their state torts under the Tort Claims Act, the Horry County Sheriff or Sheriff's Department is the proper party defendant with regard to the Plaintiffs' state tort causes of action against the sheriff's deputies. Accordingly, pursuant to § 15-78-70(c), the Horry County Sheriff's Department is hereby substituted for the individual sheriff's deputies *only* as to the Plaintiffs' state tort causes of action. Consequently, the *state tort causes of action* alleged against the sheriff's deputies individually must be dismissed because the Horry County Sheriff's Department, as the proper party defendant, is entitled to immunity from suit in Federal Court under the Eleventh Amendment. *See* July 14, 2005 Order at pg. 22-23, [Docket Entry #163].

19

## Conclusion

For the reasons stated above, Plaintiff's Motion to Reconsider [Docket Entry ## 212 and 222] is **DENIED**. Additionally, Defendants' oral motion to dismiss the state tort causes of action against the individual sheriff's deputies is **GRANTED**.

**IT IS SO ORDERED**.

s/ R. Bryan Harwell
R. Bryan Harwell
March 21, 2007 United States District Judge