UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| SOUTHERN HOLDINGS, INC., et al., ) | Civil Action No.: 4:02-cv-1859-RBH |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER ON MOTIONS** |
| ) | **PURSUANT TO F.R.A.P. 4(a)(4)** |
| HORRY COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Pending before the court are: 1) Letter/motion [Docket Entry # 483] by Dan Green, C.E.O. of Southern Holdings, Inc.; 2) Letter/motion [Docket Entry # 484] by Irene Santacroce; 3) Letter/motion [Docket Entry # 485] by Marguerite Stephens; 4) Letter/motion [Docket Entry # 486] by Ricky Stephens; and 5) Letter/motion [Docket Entry # 487] by Rodney Lail. All of these letters/motions request relief from the Order dismissing this case with prejudice pursuant to a settlement agreement that was stated on the record. *See* [Docket Entry # 475]; Transcript of Trial Proceedings, at 2-6 [Docket Entry # 482]. The above letters/motions were not filed by Plaintiffs' counsel, but were filed *pro se* by the Plaintiffs listed above.[1]

On June 7, 2007, the court issued an Order requesting that any parties wishing to file responses to the Plaintiffs' *pro se* letters/motions must do so no later than June 14, 2007. Order [Docket Entry # 488]. On June 14, 2007, the court received responses from all Defendants and the Plaintiffs' attorneys.

As noted below, a Notice of Appeal has been filed in this case. However, pursuant to Federal Rule of Appellate Procedure 4(a)(4), this court has jurisdiction to rule on the pending

---

[1] It should be noted that Plaintiffs' attorneys, Rakowsky and Falgione, have not been relieved as attorneys for the Plaintiffs, nor have any motions to withdraw as attorney been filed.

letters/motions. Under Local Rule of Civil Procedure 7.08, hearings on motions are not required. Therefore, the court, in its discretion, elects to rule on the pending matters without a hearing.

## **Procedural and Factual Background**

The procedural background of this case is extensive; however, the procedural and factual background relevant to the current matters is fairly limited. The trial of this case was set to begin on May 9, 2007. On May 8, 2007, a larger than normal jury panel was brought in due to the anticipated length of the case, which was expected to last at least three weeks. On May 9, 2007, the jurors who had been selected reported to the courthouse for the beginning of trial.

On May 9, 2007, with the jury waiting to be brought out and just before the trial was to begin, the lawyers advised the court of a settlement, the terms of which were then stated on the record in the presence of all of the Plaintiffs who filed the *pro se* letters/motions.[2] Transcript of Trial Proceedings, at 2-6 [Docket Entry # 482]. Accordingly, on the record, with the consent of counsel, and in the presence of the parties, the court Ordered that the case be dismissed with prejudice per the settlement agreement. [Docket Entry # 475]; Transcript of Trial Proceedings, at 2-6 [Docket Entry # 482]. None of the parties objected to the settlement agreement or to the dismissal of the case with prejudice. Transcript of Trial Proceedings, at 2-6 [Docket Entry # 482].

Beginning on June 1, 2007, chambers began receiving emails from individual plaintiffs

---

[2] According to the Clerk's office, the total cost to the federal government to bring in jurors for the panel and first day of trial was Eleven thousand, nine hundred eighty-four dollars ($11,984.67) and sixty-seven cents.

with various attachments ranging from affidavits, court transcripts, court docket entries, and letters from Attorney Rakowsky to third persons.[3] These emails requested that this court, among other things, vacate the settlement and reinstate the case.

Some of the emails sent to chambers referenced relief under Rule 59(e) of the Federal Rules of Civil Procedure.[4] One email did not reference a specific procedural rule.[5] All of the letters appeared to seek relief on the basis that: 1) Both Plaintiffs' counsel and Defendants' counsel engaged in fraud in order to coerce the Plaintiffs into a settlement; 2) Plaintiffs' counsel misrepresented to Plaintiffs either certain evidentiary rulings the court had made or was going to make; 3) Plaintiffs' counsel allegedly gave the Plaintiffs bad legal advice concerning the likelihood of exposure to a Judgment in light of a previous Offer of Judgment; 4) Plaintiffs did not agree to the settlement offer at any time; and 5) the Offer of Judgment was somehow "bogus." Specifically, Dan Green, Ricky Stephens, Marguerite Stephens, Rodney Lail, and Irene Santacroce asked the court to: 1) vacate the settlement; 2) reinstate the case to active status; 3) order an independent Federal investigation into the corruption that has been

---

[3] With regard to Attorney Rakowsky's letters to third parties, while the court does not agree with many of the statements by Attorney Rakowsky concerning statements attributed to the court, this court did express concern about the matter of Plaintiffs' untimely production of evidence as argued by the Defendants in open court on May 8, 2007. The court reserved ruling until the next day at which time the court was advised the parties had reached a settlement.

[4] Rodney Lail, who sent an email on June 3, 2007, Irene Santacroce, who sent an email on June 4, 2007, Ricky Stephens, who sent an email on June 6, 2007, and Marguerite Stephens, who sent an email on June 6, 2007, all asked the court to vacate the settlement under Rule 59(e) based on alleged fraud and coercion committed against the Plaintiffs by Plaintiffs' attorneys in conjunction with Defendants' counsel.

[5] On June 1, 2007, Dan Green, C.E.O. of Southern Holdings, Inc., emailed a letter requesting that the court vacate the settlement based on the same factual allegations as the Plaintiffs noted in Footnote #4; however, Dan Green's email did not reference a specific procedural rule. Dan Green, who is not an attorney licensed to practice in this jurisdiction, purports to represent Southern Holdings, Inc.; however, Local Rule of Civil Procedure 83.I.07(3) states that a corporation cannot proceed without counsel and that such counsel must be admitted to practice in this District. Local Civil Rule 83.I.07(3) DSC.

associated with this case; and 4) stay the case until an independent review can be conducted, the Plaintiffs can assess the damage done to their case, and obtain qualified counsel to represent the Plaintiffs.[6]

On June 7, 2007, the court instructed that all of the emails be filed with the Clerk of Court. *See* [Docket Entry ## 483-487]. On the same day, the court Ordered that any party wishing to file a response to the letters/motions must do so no later than June 14, 2007. By June 14, 2007, all parties, including Plaintiffs' counsel Rakowsky and Falgione, responded to the allegations contained in Plaintiffs' *pro se* letters/motions. Additionally, the Hartness Defendants filed a motion for sanctions and other relief against the Plaintiffs. No replies have been filed.

As if the matter were not complicated enough, on June 21, 2007, a Notice of Appeal was filed by Ron Serota, Esq. on behalf of all Plaintiffs. On June 22, 2007, Attorney Serota also filed a motion to vacate the judgment on behalf of Doris Holt, an individual Plaintiff that had not previously filed a *pro se* letter/motion.

It should be noted that Attorney Serota, who is not admitted to the South Carolina Bar and was previously admitted in this case *pro hac vice*, was later removed and relieved as counsel for the Plaintiffs on May 3, 2007, pursuant to motions filed by both the Plaintiffs and Serota himself. Serota has <u>*not*</u> been readmitted *pro hac vice* and has not obtained sponsorship from any local counsel admitted to practice in this District. Serota has violated various Local Civil Rules of this District by: 1) filing documents without first being admitted *pro hac vice*;

---

[6] The Docket Report in this case indicates that the Plaintiffs have had several attorneys terminated or withdrawn from the case.

4

2) failing to obtain sponsorship by local counsel; and 3) failing to have his Notice of Appeal and motion signed by local counsel. As mentioned earlier, Attorneys Rakowsky and Falgione have not been relieved as counsel for any of the Plaintiffs. Additionally, it appears Serota filed these documents using Attorney Rakowsky's CM/ECF login and password without Rakowsky's permission. Nevertheless, the Notice of Appeal filed by Serota will be transmitted to the Fourth Circuit Court of Appeals where the propriety of the Notice of Appeal will ultimately be determined.[7] Because of Serota's failure to comply with the Local Civil Rules regarding local counsel, Holt's motion [Docket Entry # 500] to set aside the judgment based on Rule 60(b) is not properly before this court.[8]

### Discussion

Plaintiffs' *pro se* letters/motions are untimely under Federal Rule of Civil Procedure 59(e)

To the extent Plaintiffs seek relief from this court's May 9, 2007, Order dismissing this case with prejudice, their motions are untimely. Rule 59(e) clearly states that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e). Even if this court considers the date Plaintiffs emailed their letters to chambers as the filing date, their motions are still untimely. The 10 day deadline contained in Rule 59(e) is mandatory and cannot be extended pursuant to Rule 6(b). Fed. R. Civ. P. 6(b). Therefore, Plaintiffs' letters/motions founded on Rule 59(e) are denied as untimely.

Plaintiffs' *pro se* letters/motions under Federal Rule of Civil Procedure 60(b)(3)

---

[7] At first glance, Plaintiffs' Notice of Appeal appears to be untimely; however, that matter would be more properly decided by the Fourth Circuit Court of Appeals.

[8] The court also notes that Doris Holt's affidavit that was submitted with Attorney Serota's Rule 60(b) motion does not appear to be properly signed or notarized.

5

To the extent that Plaintiffs allege fraud as a basis for relief, the court liberally construes their letters/motions as motions under Rule 60(b)(3), which provides for relief from judgment or order based on fraud, misrepresentation, or other misconduct of an <u>adverse party</u>. Fed. R. Civ. P. 60(b)(3). The basis of Plaintiffs' allegations against the adverse parties is that they concocted a "bogus" Offer of Judgment and that, in conjunction with various alleged misrepresentations by the attorneys for the Plaintiffs, they coerced the Plaintiffs to settle the case.

Plaintiffs' *pro se* letters/motions fail under Rule 60(b)(3) because they have failed to show by clear and convincing evidence that the <u>adverse parties</u>, the Defendants or Defendants' counsel, were guilty of any fraud. *See Schultz v. Butcher*, 24 F.3d 626, 630 (4th Cir. 1994). This conclusion is evident from the court's review of the submissions of the parties relevant to the Plaintiffs' letters/motions.

To prevail on a Rule 60(b)(3) motion, the moving party must establish: 1) a meritorious defense; 2) misconduct by clear and convincing evidence; and 3) the misconduct prevented the moving party from fully presenting its case. *Schultz*, 24 F.3d at 630 (citing *Square Constr. Co. v. Washington Metro. Area Transit Auth.*, 657 F.2d 68, 71 (4th Cir. 1981)).

Two Offers of Judgment are at issue. The Hartness Defendants' Offer of Judgment, signed by E. Glenn Elliot, Esq., is dated July 12, 2005. As evidenced by the facsimile transmission reports attached with the Hartness Defendants' response, the Hartness Offer of Judgment was successfully faxed to Plaintiffs' Attorneys Rakowsky, Serota, Cooper, and Hardee on July 12, 2005.

The second Offer of Judgment concerns the Horry County Defendants. The Horry

County Offer of Judgment contains a certificate of service indicating that the Offer of Judgment was mailed to Plaintiffs' Attorney Goldberg on July 21, 2004. Horry County also attached a facsimile transmission report that showed that the Horry County Offer of Judgment was successfully faxed to Plaintiffs' Attorney Goldberg on July 21, 2004. In fact, on July 24, 2004, the Horry County Defendants received an Objection from Plaintiffs' Attorney Goldberg and their local counsel at the time, James Cooper, to the Offer of Judgment. So the contention that the Defendants' attorneys "crafted" a fraudulent Offer of Judgment just days before trial, without proper service, in an attempt to coerce the Plaintiffs into a settlement agreement is totally without merit. The Plaintiffs assert no evidence whatsoever, much less clear and convincing evidence, of any fraud or misrepresentation by any of the adverse parties or lawyers in this case. Additionally, the Plaintiffs have not shown that the supposedly "bogus" Offers of Judgment prevented them from moving forward with their case. As noted above, a jury had already been selected and the settlement agreement was announced the morning trial was set to begin. Therefore, their requests for relief based on Rule 60(b)(3), fraud by an "adverse party," is denied. To the extent the Plaintiffs allege fraud committed by their own counsel, that is not a basis for relief under Rule 60(b)(3) as Plaintiffs' own counsel are not "adverse parties."

Other Grounds for Relief under Rule 60(b)

The court has reviewed the various submissions by the parties, and to the extent the Plaintiffs' letters/motions raise issues that could be construed as seeking relief under other subsections of Rule 60(b), the court has reviewed the applicable law regarding relief under subsections of Rule 60(b) that are arguably applicable to these circumstances and concludes

7

that the Plaintiffs are not entitled to any such relief. In other words, the Plaintiffs have not made a sufficient showing of entitlement such relief.

Further, with regard to any claim by the Plaintiffs of either improper inducement, bad advice, or inadequate representation or preparation against Plaintiffs' own attorneys, such is not a valid basis for repudiating a settlement. *Petty v. Timken Corp.*, 849 F.2d 130, 133 (4th Cir. 1988). In the event there was any breach of the standard of care owed by Plaintiffs' attorneys to the Plaintiffs as a result of alleged coercion, improper inducement, fraud, or inadequate representation, Plaintiffs have an available remedy for damages against their own attorneys. *See Petty*, 849 F.2d at 133.

<u>Vacate or Set Aside Settlement Agreement</u>

It is well settled that merely having second thoughts about entering into a settlement agreement is insufficient to set aside the settlement agreement. *Young v. Federal Deposit Ins. Corp.*, 103 F.3d 1180, 1195 (4th Cir. 1997). The court notes that all of the Plaintiffs who filed these letters/motions, *pro se* requests for relief, were present in the courtroom when the settlement agreement was announced on the record. Although the undersigned did not poll each plaintiff individually, nor each Defendant individually, he is not required to do so. This case did not involve a minor settlement or a wrongful death settlement, which would require court approval and may require the court to query a plaintiff regarding whether they believe the settlement is fair and in their best interests. Regardless, none of the Plaintiffs brought any of the matters they allege in their letters/motions to the court's attention until three weeks

later.[9] The court regrets that the Plaintiffs may have had a change of heart, but a change of heart is not a sufficient basis to set aside a settlement agreement. *See Petty*, 849 F.2d at 133.

### Conclusion

For the reasons stated above, the relief requested in the: 1) Letter/motion [Docket Entry # 483] by Dan Green, C.E.O. of Southern Holdings, Inc.; 2) Letter/motion [Docket Entry # 484] by Irene Santacroce; 3) Letter/motion [Docket Entry # 485] by Marguerite Stephens; 4) Letter/motion [Docket Entry # 486] by Ricky Stephens; and 5) Letter/motion [Docket Entry # 487] by Rodney Lail is **DENIED**.

Because Attorney Serota failed to comply with this District's Local Rules of Civil Procedure regarding the use of local counsel, Holt's [Docket Entry # 500] motion to set aside or vacate the judgment is not even properly before the court.

Finally, because this case is on appeal to the Fourth Circuit, the court feels that it would not be appropriate to rule on the additional relief requested by the Hartness Defendants.

**IT IS SO ORDERED**.

Florence, SC  
July 3, 2007

s/R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

---

[9] The court cannot disregard the fact that substantial juror costs and court time had been allocated for this case and to simply allow the matter to be reopened when a settlement agreement has been placed on the record in open court with a jury standing by would open the court to easy manipulation of its time and resources.

9