UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| SOUTHERN HOLDINGS, INC., et al., ) | Civil Action No.: 4:02-cv-1859-RBH |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| HORRY COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Introduction

Pending before the court is Plaintiff Doris Holt's *pro se* [Docket Entry #531] motion to vacate the judgment and rescind the settlement agreement under Rule 60(b).[1] The court notes that Plaintiff Holt, along with the other Plaintiffs, filed a Notice of Appeal from the court's May 9, 2007 Order, which dismissed the case with prejudice pursuant to the settlement agreement. Importantly, one of the grounds raised in the appeal, that the settlement agreement was null and void,[2] is also the basis for Plaintiff Holt's current motion.

On December 3, 2007, the Fourth Circuit Court of Appeals dismissed Plaintiffs' appeal. The Mandate and Judgment was issued on December 26, 2007.

Discussion

Because the Fourth Circuit Court of Appeals dismissed Plaintiff Holt's appeal, which was based in part on the same issue raised by the current motion, the court believes that

---

[1] Plaintiff Holt initially filed her motion on June 22, 2007, through an attorney not admitted to practice in this jurisdiction. As a result, the court held that Holt's motion was not properly before the court. Holt then refiled her motion *pro se* on July 18, 2007. The court previously denied the other plaintiffs' motions for relief under Rules 59 and 60.

[2] Plaintiffs also appealed from: 1) an Order denying Plaintiffs' motion to reconsider [Docket Entry #335]; and 2) an Order denying Plaintiffs' motion to alter or amend [Docket Entry #361].

Plaintiff Holt's motion is moot. However, to the extent her motion is not moot, Plaintiff Holt has failed to show an adequate basis for relief under Rule 60(b).

Plaintiff Holt argues that she is entitled to relief from the Order dismissing the case under Rule 60(b)(1), (3), and/or (6). Plaintiff states that she was not present in the courtroom on May 9, when the settlement agreement was announced on the record, and that Attorneys Rakowsky and Falgione did not have the authority to agree to the terms of the settlement on her behalf. Plaintiff argues that either through mistake, inadvertence, or excusable neglect, her attorneys misinformed the court that she had agreed to the settlement. Plaintiff also assigns blame to her attorneys for not making arrangements for her to participate or attend the trial that was scheduled to begin on May 9, 2007.

Rule 60(b)(1)

Federal Rule of Civil Procedure 60(b)(1) provides relief from a final judgment, order, or proceeding because of mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). To obtain relief under Rule 60(b)(1), the movant "must demonstrate *inter alia* that [she] was not at fault <u>and</u> that the nonmoving party will not be prejudiced by the relief from judgment." *Home Port Rentals, Inc. v. Ruben*, 957 F.2d 126, 132 (4th Cir. 1992) (emphasis added). Both requirements must be met.

Plaintiff Holt has not made an adequate showing that she was not at fault or that the Defendants would not suffer prejudice if her requested relief was granted. Plaintiff's complaints stem from the fact that she claims she was not present in court with all of the other plaintiffs on May 9, 2007. When the settlement agreement was announced on the record, the court was not aware that Plaintiff Holt may not have been physically present. The court

2

should not be required to take roll call or poll each individual plaintiff and defendant to ascertain whether the party consents to a settlement agreement that is announced in open court by the lawyers just moments before the trial was set to begin, especially in a matter that does not require court approval.[3] To do so would subject the court to endless manipulation by lawyers or litigants. The court was not notified by Plaintiff Holt, or anyone else, of any problems, health related or otherwise, that would prevent her from attending the trial.[4]

Plaintiff blames her attorneys for her failure to be present in court. However, in Plaintiff's affidavit submitted along with the instant motion, Plaintiff states that she wanted her day in court and "was capable and able to testify despite [her] limited mobility." Notably, Plaintiff does not state that she was unaware the trial was scheduled to begin on May 9. It appears that Plaintiff has no reason for her failure to be present other than the fact that she alleges her attorneys did not request or arrange for her presence. The court is not satisfied that there has been an adequate showing that Plaintiff was without fault.

Even if the court were to assume that Plaintiff was not at fault, Plaintiff has failed to establish or even argue that Defendants would not suffer prejudice if she were granted relief from the Order dismissing the case. Defendants, through their counsel, were ready and willing to proceed to trial. A jury had been drawn and was waiting to be proceed. Defendants'

---

[3] Ordinarily, judicial approval of a settlement is not necessary, *See In re T 2 Green, LLC*, 364 B.R. 592, 610 (Bankr. D.S.C. 2007), unless of course the case involves, for example, a minor, death, or class action lawsuit. Additionally, the court had the lawyers put the settlement terms on the record.

[4] In her well prepared *pro se* memorandum, Plaintiff Holt indicates that she is 90 years old and in poor health. However, Plaintiff Holt states in her affidavit that she was capable and able to testify despite limited mobility. She also states that she has never discussed her knowledge of the facts of the case with either of her lawyers, and no one was authorized to act on her behalf. Interestingly, Holt's memo and affidavit are silent regarding her son, who was also a plaintiff in this case and who was present in court on May 9, 2007. Court filings indicate that Plaintiff Holt and her son share the same address.

3

counsel expended substantial time, expense and effort in preparation for the trial of this case. There is no question that Defendants would suffer prejudice if Plaintiff were granted relief and Defendants were required to duplicate their trial preparation efforts.

Plaintiff essentially asks the court to grant her relief because she was not present for the first day of trial. The court cannot overlook the fact that this case was ready to proceed on May 9, 2007, with a jury waiting in the jury room. All parties had notice of the May 9, 2007 trial date. In the interests of judicial economy, the court cannot allow a manipulation of its time and resources.

For those reasons, Plaintiff Holt's motion under Rule 60(b)(1) is denied.

Rule 60(b)(3)

Rule 60(b)(3) provides relief from a final judgment, order, or proceeding because of fraud, misrepresentation, or other misconduct of an <u>adverse</u> party. Fed. R. Civ. P. 60(b)(3). Plaintiff Holt does not allege any fraud or misconduct by an adverse party. Plaintiff Holt's complaints concern alleged misconduct by her own attorneys. As discussed more fully in the court's July 3, 2007 Order [Docket Entry #510], which is incorporated herein by reference, such is not a basis for relief under Rule 60(b)(3). Plaintiff Holt's motion under Rule 60(b)(3) is, therefore, denied.

Rule 60(b)(6)

Rule 60(b)(6) is a catch-all provision that provides relief for any other reason justifying relief from operation of the judgment. Fed. R. Civ. P. 60(b)(6). "[A] motion under Rule 60(b)(6) may not be granted absent 'extraordinary circumstances.'" *Reid v. Angelone*, 369 F.3d 363, 370 (4th Cir. 2004). "[T]he difference between Rule 60(b)(6) and Rules 60(b)(1)-(5) is

that "'extraordinary circumstances' are required to bring the [Rule 60(b)(6)] motion within the 'other reason' language" of the Rule. *Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 118 n.2 (4th Cir. 2000) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n.11 (1988)). To the extent that Plaintiff claims the settlement was substantially unfair, the court is unable to conclude such. Plaintiff Holt has failed to present sufficient evidence of any "extraordinary circumstances" that would entitle her to relief under Rule 60(b)(6).

## Conclusion

For the reasons stated above, Plaintiff Holt's [Docket Entry #531] motion to vacate the judgment and rescind the settlement under Rule 60(b) is **DENIED** both as moot and on the merits.

**IT IS SO ORDERED**.

Florence, SC  
January 14, 2008

s/R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge